**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2322
_____

AMRO N. ELKABANY,
Appellant

v.

JUDGE LOUIS C. SHAPIRO, in his official and individual capacities;
LYNN M. CASTILLO, ESQ, in her individual and professional capacity
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:25-cv-12719)
District Judge:  Honorable Christine P. O'Hearn

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 11, 2025
Before:  HARDIMAN, MATEY, and CHUNG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 17, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Amro Elkabany appeals the District Court's order dismissing his complaint. For the reasons that follow, we will affirm the District Court's judgment.

On June 27, 2025, Judge Shapiro, a family court judge in New Jersey, entered a final judgment of divorce which required Elkabany to pay $300 per week in spousal support for six years, pay $46,000 in legal fees out of his share of the sale of their marital home, and maintain a life insurance policy to secure the spousal support obligation. Judge Shapiro entered the judgment after four days of trial and analyzed the evidence and issues in the divorce proceeding in a detailed 84-page opinion. Elkabany, who proceeded pro se during the trial, filed an appeal to the New Jersey Superior Court, Appellate Division.

A few days later, Elkabany filed a complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the District of New Jersey against Judge Shapiro and Lynn Castillo, the attorney who represented his ex-wife in the divorce proceedings.[1] He alleged, inter alia, that Castillo had submitted false evidence. He stated that he had filed motions challenging that evidence, but Judge Shapiro allowed the evidence into the record. He contended that Judge Shapiro violated his rights to due process and equal

_____

[1] In his complaint, Elkabany states that Castillo represented the plaintiff in the divorce case. It appears that the District Court believed that Castillo had represented Elkabany, the plaintiff in the District Court proceedings, in the divorce case. Castillo, however, represented Elkabany's ex-wife who was the plaintiff in the divorce proceedings. The party that Castillo represented does not change the analysis of the claim against her.

protection and retaliated against him.  As relief, he requested that enforcement of the final judgment of divorce be enjoined, that the judgment of divorce be declared invalid, and that he be awarded compensatory damages.

Concluding that Judge Shapiro was entitled to judicial immunity, the District Court dismissed the claims against him without prejudice before service pursuant to 28 U.S.C. § 1915(e)(2).  Because it determined that Castillo was not acting under color of state law under § 1983, the District Court dismissed the claims against her with prejudice. The District Court also denied Elkabany's request for a Temporary Restraining Order (TRO) based on the Rooker-Feldman doctrine.[2]  Elkabany filed a notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over a District Court's sua sponte dismissal of a complaint under § 1915(e).  See Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020).

We agree with the District Court that Judge Shapiro was acting within his jurisdiction and was entitled to judicial immunity. See Stump v. Sparkman, 435 U.S. 349, 355–57 (1978) (stating that judges not civilly liable for judicial acts).  And the District Court did not err in determining that Castillo was not a state actor for the purposes of § 1983.  See West v. Atkins, 487 U.S. 42, 48-49 (1988) (noting that conduct complained of must be committed by person acting under color of state law); Henderson v. Fisher,

---

[2] The Rooker-Feldman doctrine deprives a District Court of jurisdiction to review, directly or indirectly, a state court adjudication.  See D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923).

631 F.2d 1115, 1119 (3d Cir. 1980) (explaining that lawyers are not state actors simply because they are licensed by the state). Because Elkabany's claims fall as a matter of law, the District Court did not err in not allowing him discovery or a hearing.

In his brief, Elkabany argues that the District Court erred in dismissing his complaint based on the Rooker-Feldman doctrine. The District Court, however, dismissed the complaint for the reasons described above; it relied on the Rooker-Feldman doctrine to deny Elkabany's request for a Temporary Restraining Order in which he requested that the District Court stay the state court's judgment. On appeal, Elkabany has also filed motions to stay the state court judgment. We will deny those motions. See 28 U.S.C. § 2283 (providing that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments").

For the above reasons, we will affirm the District Court's judgment. Elkabany's motions are denied.